Billy BATTLES *v.* Mark TOWNSEND
and Southern Tire Mart, LLC

08-602                                                    285 S.W.3d 629

Supreme Court of Arkansas
Opinion delivered June 19, 2008

PER CURIAM. In accordance with § 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge James M. Moody of the United States District Court for the Eastern District of Arkansas filed a certifying order with our clerk on May 22, 2008. The certifying court requests that we answer one question of Arkansas law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether an individual supervisor may be held personally liable for alleged acts of retaliation under the Arkansas Civil Rights Act, codified at Ark. Code Ann. §§ 16-123-101 to -108 (Repl. 2006).

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question:

> Whether an individual supervisor can be held personally liable for alleged acts of retaliation under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA").

This per curiam order constitutes notice of our acceptance of the certification of the question of law. For purposes of the pending proceeding in the supreme court, the following requirements are imposed:

A. Time limits under Ark. Sup. Ct. R. 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, Billy Battles, is designated the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this per curiam; the defendants, Mark Townsend and Southern Tire Mart, LLC, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Ark. Sup. Ct. R. 4-2(a) shall be included:

> (3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.
>
> (4) Table of authorities.
>
> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.
>
> (7) Argument.
>
> (8) Addendum, if necessary and appropriate.
>
> (9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Ark. Sup. Ct. R. 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondents.

Request granted.